# CULLEN

*v.*

# THE BALTIMORE & POTOMAC RAILROAD CO.

---

CONTRIBUTORY NEGLIGENCE; RECKLESS INJURY.

1. Where one person has knowledge, or from the circumstances must be supposed to have had knowledge, of the exposed condition or peril of another person, and then recklessly inflicts injury upon such other person, he will not be relieved of legal responsibility by the fact that the person injured negligently placed himself in peril.

2. But in such a case, in order to hold the person inflicting the injury liable, it will not be sufficient to show that with reasonable diligence on his part he could have had knowledge of the other person's exposed condition or peril, and thereafter acted without reasonable care; *following* Didzoneit *v.* Railroad Co., 1 App. D. C. 482.

No. 485.  Submitted January 10, 1896.  Decided February 12, 1896.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action to recover damages for the alleged unlawful killing of plaintiff's intestate.

The COURT in its opinion stated the case as follows :

This is an action at law, brought under the act of Congress of February 17, 1885, (23 Stat. 307) to recover damages for the alleged unlawful killing of the plaintiff's

son and intestate, Paul Cullen, a boy about fifteen years of age, by the Baltimore and Potomac Railroad Company, through the negligence of its employees, on March 6, 1892.

It appears from the testimony, that, a little before three o'clock in the afternoon of the last mentioned day, the deceased, Paul Cullen, with some two or three other boys, was playing on the west side of Sixth street, west, in the city of Washington, near the intersection of that street with Maryland avenue, on both of which streets the defendant railroad company maintains its railroad and operates it; that there are gates here at the crossing of Maryland avenue which were closed at the time of the accident which gave rise to this suit; that one of the boys had placed a hat on an arm of one of the gates, and they were throwing dirt and stones at it for amusement; that the deceased Paul Cullen ran across the track, grasped the hat, and started to run back over the track; that, as he was doing so, he was tripped up by a hole, four or five inches deep, between the ties of the track, and he fell upon the track; and that immediately as he lay there and before he could recover himself, he was run over by an engine moving down from the station on Sixth and B streets, and instantly killed. The engine, which was moving at a rate of speed variously estimated by different witnesses to have been from seven to twenty miles per hour, was just north of the gates when the boy started to run across the tracks, and was going southward; and the boy was struck about twenty feet south of the gates, from which point the body was carried about eighty feet before the engine was stopped. The engineer, it is testified, was, at the time of the accident, looking out of his window with his face in the direction opposite to that in which the engine was going; and it was by the fireman that his attention was called to the accident. The engine was only about thirty feet from the boy when he fell, and not more than about one hundred feet away when he started to run across the track; and it

was plainly visible to anyone looking in that direction, and the street was without obstruction. There was no fence along the track, as would seem to have been required by the police regulations of the District of Columbia—it being claimed by the railroad company, as it appears, that to fence the road at this point would interfere in some way with the public traffic. And it is stated, also, that no bell was rung, or warning given of the approach of the engine.

Upon this testimony as to the facts adduced only by the witnesses on behalf of the plaintiff, the defendant moved, at the close of the plaintiff's case, for an instruction to the jury to return a verdict for the defendant, and the motion was granted, and a verdict so rendered. From the judgment rendered thereon the plaintiff has appealed to this court.

*Mr. Henry E. Davis* for the appellant.

*Mr. Enoch Totten* and *Mr. J. S. Flannery* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

Whatever may have been the negligence of the defendant railroad company in failing to enclose its tracks with a fence, as would seem to have been required by law ; or in leaving a dangerous hole or excavation in its tracks ; or in running its engine at an unlawful rate of speed, if it did so run it on this occasion ; or in its failure to ring a bell or otherwise to give notice of the approach of the engine ; or in the failure of the engineer to keep a proper lookout in the direction in which his engine was moving, it is very evident that there was contributory negligence on the part of the unfortunate victim of the accident, which wholly precludes any recovery by the plaintiff in this action, unless it is made to appear that the deceased was in some way relieved from the legal consequences of his own negligence. This position is conceded in the argument of counsel for the appellant, and from the testimony in the case it cannot well be controverted.

The claim of the appellant is, that, notwithstanding the contributory negligence of the deceased, the plaintiff is entitled to recover, if it appears that the defendant, guilty of negligence by its employees, might with reasonable diligence have had knowledge of the exposed condition and peril of the deceased, and with ordinary care might have avoided the consequences of the plaintiff's negligence and the resulting injury. And in support of this proposition is cited the case of the *Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408.

The qualification of the rule in regard to contributory negligence, which is sought here to be applied and extended, seems first to have been announced in the case of *Davies* v. *Mann*, 10 M. & W. 546. It has since been generally accepted in the United States. *Grand Trunk Railway Co.* v. *Ives*, 144 U. S. 408, 429 ; *Inland and Seaboard Coasting Co.* v. *Tolson*, 139 U. S. 551, 558 ; *Austin* v. *New Jersey Steamboat Co.*, 43 N. Y. 75 ; *Lucas* v. *Taunton and New Bedford Railroad*, 6 Gray, 64 ; *Northern Central Railway Co.* v *Price*, 29 Md. 420 ; *Donahue* v. *St. Louis, &c., Railroad*, 91 Mo. 357 ; *Deans* v. *Wilmington, &c., Railroad*, 107 N. C. 686 ; *Vicksburg, &c., Railroad* v. *Patton*, 31 Miss. 156.

The qualification thus announced is stated by Mr. Justice COOLEY in his work on Torts as follows : " If the defendant discovered the negligence of the plaintiff in time by the use of ordinary care to prevent the injury, and did not make use of such care for the purpose, he is justly chargeable with reckless injury, and cannot rely upon the negligence of the plaintiff as a protection." Cooley on Torts, p. 674. Another writer expresses it thus : " Although the plaintiff has negligently exposed himself to the injury, yet if the defendant, after discovering the exposed situation, inflicts the injury upon him through a failure to exercise ordinary care, the plaintiff may recover damages."

This qualification of the law is based upon sound reason and the dictates of common justice. As Mr. Justice COOLEY says in the same connection :

" Where the conduct of the defendant is wanton and will-

ful, or where it indicates that degree of indifference to the rights of others which may justly be characterized as recklessness, the doctrine of contributory negligence has no place whatever, and the defendant is responsible for the injury he inflicts irrespective of the fault which placed the plaintiff in the way of such injury. The fact that one has carelessly placed himself in a place of danger is never an excuse for another purposely or recklessly injuring him. Even the criminal is not out of the protection of the law, and is not to be struck down with impunity by other persons." Cooley on Torts, p. 674.

To this qualification of the law of negligence there can be no reasonable or valid objection, and it should be given effect wherever it is applicable. But in the present case it is sought greatly to extend and enlarge this qualification. The theory of the rule, as stated in the authorities cited, is, that the defendant knew, or from the circumstances must be supposed to have known, the exposed situation of the plaintiff, and yet that through negligence subsequently supervening or recklessness continued in spite of the knowledge, he committed the injury ; and the last act of negligence, the subsequently supervening negligence of the defendant, and not the contributory negligence of the plaintiff, was the proximate or immediate cause of the injury. Cooley on Torts, p. 674. We are now asked to hold that, in order to hold the defendant liable, he need not have knowledge of the plaintiff's exposed situation, but that it would be sufficient if with reasonable diligence on his part he could have had that knowledge, and thereafter acted without reasonable care.

We cannot admit the soundness of this proposition. It seems to us to be reasoning in a vicious circle ; and that it would overthrow the whole law of contributory negligence, in fact the whole law of negligence, by placing the ultimate liability for damages upon the person who has committed the first fault, which would be a most dangerous doctrine. For it seeks to regard the primary negligence as the equivalent of the subsequently intervening negligence to which

the authorities refer as justifying the qualification of the law that has been stated.   And in fact the acts of negligence on the part of the defendant relied upon in this case to relieve the deceased from the consequences of his own contributory negligence, are the primary and only acts of negligence charged against the defendant in the first instance, namely, the absence of a fence, an unlawful rate of speed, and the fact that the engineer was not looking in the proper direction.   These had all supervened before the exposure of himself to danger by the deceased; and it seems to us that it would be a perversion of the law of negligence to hold that, because they were continued after the deceased had exposed himself to danger, and without the occurrence of anything that would give notice or knowledge of such exposure, yet the fact of the exposure changed the character of the defendant's action from negligence to recklessness. In nearly all cases, if the defendant had not been negligent in the first instance, he could have ascertained the fact of the contributory negligence of the plaintiff in due time and avoided its consequences.   To hold him to liability for that failure would be to relieve the plaintiff from the legal consequences of contributory negligence in all cases.

We had this same proposition pressed upon us in the case of the *Richmond and Danville Railroad Co.* v. *Didzoneit,* 1 App. D. C. 482; and we there held, as we now hold, that it is untenable.   We think the ruling in that case must govern the present.

We think that there was no error in the instruction given by the court below to the jury to return a verdict for the defendant; and the judgment of that court must, therefore, be *affirmed, with costs.   And it is so ordered.*